OPINION of the Court, by
Ch. J. Boyle.
The appellee sued out, from a justice of the peace of Clay-county, a warrant for a forcible detainer, against the appellant, and the jury found by their inquest “that the right of possession was in the appellee.” The appellant traversed the truth of the inquest, and the cause being removed to the circuit court in the mode prescribed by *101 law, the appellee replied to the traverse of the appellant, asserting the inquest to be true, and issue was thereupon joined to the country.
Upf,n a tra» ve-te, rh* jury found thí ifl-tjueft true, and iuprradded that; (he de'endant in the wanant was guikv of the fotuble de-tainer %.
The ínquéft is t-o defective in mt finding thefoice, that, feftitution cannot be awarded thereon, and i he fi ding; on the tra-verf& cannot cure the detect.
The jury empannelled to try the issue, found by their verdict “ that the inquest was true, and that the. appellant was guilty of the forcible detainer complained ol in the warrantand judgment of restitution was thereupon given for the appellee, from which this appeal is prosecuted.
' In the progress of the trial in the circuit court, several points were decided against the appellant, to which he filed exceptions. These points we have* no doubt were correctly decided by that court; but an objection is taken here, probably for the first time, to the sivffi ien cy of the inquest, upon which the appellant must pre Vail. Objections to an inquest, íór vyant of form, ought not to he regarded, as was decided in the case of Barnet and, Chitwood (2 vol. 431) but the objection to the inquest in this case goes to the substance, not to the form. It has not found the forcible detainer, witfiodt which this summary mode of proceeding cannot be resoi ted to. It is apparent, therefore, that the inquest is «o radically defective, that it could not have warranted a jud merit of restitution by the magistrate ; and it necessarily follows that it could not, on being found true by the verdict of the jury before the circuit court, warrant that court in giving such a judgment. The verdict of the jury having superadded to their finding the iwquest true,.41 that the appellant was guilty ot the forcible de-tainer complained of in the warrant,” cannot, we apprehend, help the case or cure the defect of the inquest. The latter part of the verdict is evidently not withip the issue nor responsive thereto ; and a fact found by the verdict, not within the issue, cannot be regarded by the court as constituting the basis upon which a judgment could be founded.
The judgment is therefore erroneous and must.be rer versed with costs, and the cause remanded, that the circuit court m?iy enter up a judgment quashing the inquest, he.