*Morehead & Reed* for plaintiff; *B. & A. Monroe* for defendants.

---

**FORCIBLE DETAINER.**

*Case 59.*

# Penny *vs* Skirvin.

### ERROR TO THE GRANT CIRCUIT.

*Forcible detainer.    Traverse.    Verdicts.*

*January 29.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Case stated.

On the 29th of April, 1848, a writ of forcible detainer was issued against Penny, on the complaint of Skirvin, that the defendant had, on the 10th day of April, forci-bly detained from him a house and lot and garden, &c. The writ commanded the Sheriff to summon a jury to enquire of the alleged forcible detainer, on the premises, on the 4th day of May, 1848, and then and there to have the writ.    The return shows that the writ was ex-ecuted on the 1st. and returned on the 4th of May, be-fore a Justice of the Peace.    And the verdict of the jury in the country, is in these words : "We of the jury give the plaintiff, Skirvin, possession on the 8th of May." The defendant traversed the inquisition, and in the Cir-cuit Court, the jury found "the defendant guilty of the forcible detainer complained of in the warrant," and a judgment of restitution was thereupon rendered against him.

In the trial of a traverse for for-cible entry and detainer, the sole question for the decision of the

As by the express letter of the 8th section of the act concerning forcible entry and detainer: (1 *Stat. Law,* 727,) and according to the decisions upon it, the sole question in the Circuit Court, upon the traverse of an inquisition is, whether the inquisition is true; the ver-

dict in the Circuit Court does not decide that issue by finding the defendant either guilty or not guilty, unless the inquisition itself finds him either guilty or not guilty. In the case of *Todd* vs *Bates*, (3 *Bibb*, 100,) upon a warrant for a forcible detainer, the jury found "that the right of possession was in" Bates. Upon a traverse of the inquest, the jury in the Circuit Court found, "that the inquisition was true, and that the appellant (Todd,) was guilty of the forcible detainer complained of in the warrant." This Court, after stating the rule that formal objections to the inquest ought not to prevail, say "but the objection in this case goes to the substance and not to the form. It has not found the forcible detainer without which this summary mode of proceeding cannot be resorted to." And concluding thence, that the inquest was so radically defective as not to warrant a judgment of restitution by the magistrate, before whom it was found, and that therefore, a verdict in the Circuit Court finding it true, would not warrant such a judgment in that Court; they decide that the defect is not cured by the latter part of the verdict finding that the appellant was guilty, because that was not within the issue, and could not, therefore, be the basis of a judgment. And on these grounds the judgment was reversed and the cause remanded with directions to quash the inquest. Without attempting any verbal criticism of the inquest in the case before us, we think it apparent that it does not find the forcible detainer, nor has it found that there was none. And although if it could be determined by construction, whether it had found the defendant guilty or not guilty of the forcible detainer complained of, we should be disposed to disregard the mere form of the finding, yet as it is impossible to determine whether the jury, acting on the 4th of May, give the plaintiff the possession on the 8th, because he was not entitled to it until then, or because though the defendant had been guilty of the forcible detainer charged, they were of opinion he ought to have until the 8th to quit the possession, so it is impossible to say either that they found him guilty or not guilty, or that they intended to find either way. As the inquest is thus uncertain, a verdict

PENNY
*vs*
SKIRVIN.

jury is the truth of the finding of the first jury. (3 *Bibb*, 100.)
In forcible detainer, the jury in these words— "We of the jury give the plaintiff possession on the 8th of May," the finding being traversed, the next jury found "the defendant guilty of the forcible detainer complained of in the warrant"— Held that such finding did not authorize a judgment for restitution.

in the Circuit Court, finding it either true or untrue, would be equally uncertain, and the one could not any more than the other, authorize a judgment of restitution. And as in the case above cited, a verdict expressly finding the inquest true, and also responding expressly to the charge in the warrant, was held not to authorize a judgment of restitution, because the inquest did not respond to the warrant, and therefore did not authorize such judgment, we cannot without rejecting wholly the authority of that case, decide that the verdict before us, which does not find the inquest true or untrue, but merely responds to the charge in the warrant, will authorize a judgment, when the inquest itself did not respond to the charge in the warrant, and did not authorize any judgment upon that charge.

We are not prepared to reject the authority of that case, and applying its principles to the present case, the conclusion is inevitable, that the defect in the inquest could not have been cured by any verdict in the Circuit Court, and that as no judgment of restitution could have been rendered by the justice, none could have been rendered by the Circuit Court, but that for the benefit of the plaintiff himself, the inquest should have been quashed. In the case referred to, as probably in this, the question was made for the first time in this Court, and was nevertheless deemed available.

Wherefore, the judgment is reversed, and the cause remanded, with directions to quash the inquest.

*Rankin* for plaintiff; *V. Monroe* for defendant.